**Richard R. MOORE, et al., Plaintiffs,**

v.

**Louis W. SULLIVAN, Secretary, Department of Health and Human Services, Defendant.**

**No. 90 Civ. 1974 (TPG).**

United States District Court, S.D. New York.

Feb. 5, 1992.

Whitney Seymour, Brown & Seymour, New York City, for plaintiff.

Linda Rifkind, Asst. U.S. Atty., New York City, for defendant.

## OPINION

GRIESA, District Judge.

The issues in this case relate to the amount-in-controversy requirement for a

---

hearing before an administrative law judge in connection with a certain type of Medicare claim. More particularly, the question is whether plaintiffs are able, under the relevant statute, to "aggregate" their claims and obtain a hearing based upon the aggregated amount.

It appears that Medicare claims of the type involved here are often assigned by the patients to the physicians or other suppliers of medical services who then present the claims for payment. Plaintiffs in this case are such assignees. In interpreting the statute, the agency has thus far taken the position that claims of two or more assignee physicians or suppliers cannot be aggregated, although the claims, if presented by the individual beneficiaries, may be aggregated. Plaintiffs contend that this is a misinterpretation of the statute and that two or more assignee physicians or suppliers have a right to aggregate their claims, if certain other conditions of the statute are fulfilled.

### FACTS

This action is brought by seven physicians who provided treatment to persons eligible for Medicare benefits. Each of the seven patients was enrolled in the so-called "voluntary Medicare Part B health insurance program." Plaintiffs filed claims with the carrier, Empire Blue Cross and Blue Shield, seeking payment of the Medicare Part B benefits. The carrier made initial determinations to which plaintiffs objected. The carrier then provided hearings resulting in determinations to which plaintiffs again objected. Plaintiffs then requested to be heard by an administrative law judge of the Social Security Administration of the Department of Health and Human Services.

The requests for an ALJ hearing were made pursuant to Section 9341 of the Omnibus Budget Reconciliation Act of 1986. Prior to this statute there had been no right to such a hearing in connection with claims of the kind involved in this case. The new law provides for a hearing of such claims before an ALJ where the amount in controversy is $500 or more, and subsequent review by a court where the amount in controversy exceeds $1,000. 42 U.S.C. § 1395ff(b)(2). The statute goes on to provide for aggregation of claims in order to satisfy the amount-in-controversy requirements.

In determining the amount in controversy, the Secretary, under regulations, shall allow two or more claims to be aggregated if the claims involve the delivery of similar or related services to the same individual or involve common issues of law and fact arising from services furnished to two or more individuals.

42 U.S.C. § 1395ff(b)(2).

In the present case, the amount of each claim presented for ALJ hearing was less than $500, but the total of all the claims was $1,960.32. Plaintiffs requested aggregation under the new statute on the basis that the claims "involve common issues of law and fact arising from services furnished to two or more individuals."

It is conceded that plaintiffs' claims present common questions of law and fact and that the total amount of the claims is more than $500. The requests for an ALJ hearing were made in April 1989 and all claims relate to services performed subsequent to the effective date of the new statute. However, the statute provides for implementation "under regulations," and as of April 1969 the Secretary had issued no such regulations. Plaintiffs nevertheless took the position that they had a right to aggregation directly under the statute in view of the long delay in issuing the required regulations.

Administrative Law Judge Kenneth E. Stewart denied the requests for an ALJ hearing on the ground that each claim individually failed to come up to the requisite $500, and that there could be no aggregation in the absence of regulations. Judge Stewart's rulings were handed down in September and October 1989.

Plaintiffs requested review by the Appeals Council. In rulings issued on January 25, 1990 the Council declined to order an ALJ hearing. The Council held that, pending the issuance of regulations by the Secretary, aggregation would be governed

on an interim basis by a regulation applicable to requests for a hearing at the carrier level. 42 CFR 405.820. This regulation does not allow the aggregation of claims made by two or more physicians or suppliers. It should be noted that at the carrier level the jurisdictional amount is only $100, and the need for aggregation is not great.

The present lawsuit was commenced in March 1990. The complaint alleges two causes of action. The first seeks remand to defendant, the Secretary of Health and Human Services, with the direction to allow the aggregation of plaintiffs' claims and to have these claims heard before an administrative law judge. The second cause of action seeks mandamus directing the Secretary to promulgate regulations under the statute allowing claims to be aggregated in accordance with plaintiffs' interpretation of the statute. Defendant's answer was filed in July 1990 denying plaintiffs' allegations.

In the fall of 1990 both sides filed cross-motions for judgment on the pleadings.

By consent of the parties, on April 22, 1991 the court issued an order holding the motions in abeyance for 60 days in order to allow the Secretary time to promulgate regulations.

On June 20, 1991 the Secretary published proposed regulations in the Federal Register implementing the new statute. 56 Fed.Reg. 28353. These regulations deal with claims made by beneficiaries and also claims made by physicians and other suppliers of services, as assignees. The regulations would allow a beneficiary to aggregate claims for services received from the same or different physician(s) or supplier(s) if the claims involve the delivery of similar or related services. The regulations would allow a *single* physician or supplier to aggregate claims assigned by the same beneficiary if the claims involve the delivery of similar or related services. Also, a *single* physician or supplier would be able to aggregate claims assigned by several different beneficiaries if common questions of law and fact are involved. The proposed regulations do not allow two or more physicians or suppliers to aggregate claims under any circumstances.

## DISCUSSION

In the view of the court, the proposed regulations are contrary to the requirements of the statute.

Congress was undoubtedly well aware of the fact that claims for payment of Medicare benefits are sometimes made by the individual beneficiaries and sometimes made by physicians or other suppliers of services, as assignees. In the statutory provision for aggregation, Congress established certain criteria. But these criteria have nothing to do with whether the claims are made by individual beneficiaries or by physicians or suppliers. No greater or lesser right of aggregation is conferred depending on who is making the claim. Indeed, the statute does not even deal with the question of who is making the claim. The statute speaks in terms of *the services delivered or supplied.* Limits on the right of aggregation are defined in terms of the services and the issues which these services give rise to, but no limit is imposed on aggregation because the claimant is a physician or supplier instead of an individual beneficiary.

The portion of the statute relevant to the present case provides that where the "services furnished to two or more individuals" give rise to "common issues of law and fact" the Secretary "shall allow" the claims to be aggregated. No one doubts that where there are common issues of law and fact two or more individual beneficiaries may aggregate their claims. It should be equally clear that where such claims have been assigned to physicians or suppliers, the claims may be aggregated. Here, however, the Secretary proposes to inject a limitation. The Secretary would allow aggregation of claims assigned to a single physician or other supplier, but not to several physicians or suppliers.

Not a word in the statute authorizes or even suggests this distinction. One cannot imagine Congress contemplating that only patients of a single physician could have claims involving common questions of law and fact. There is no basis in the statute for limiting the aggregation to patients of

a single physician, either where the patients themselves are making the claims or where the physicians are making the claims as assignees.

A proper interpretation of the statute requires that where claims involve common issues of law and fact arising from services furnished to two or more individuals, aggregation of those claims must be allowed, whether the claims are presented for payment by the individuals themselves or their several physicians or other suppliers of services.

It is now necessary to decide what form of remedy is appropriate in this case. Neither side has been able to cite any controlling judicial decision on the question of remedy. However, it is the view of the court that plaintiffs are entitled to avail themselves of the right of aggregation so clearly conferred by the statute. The application of the statute should not be forestalled by the unreasonable delay in issuing the regulations.

Therefore, the court grants the relief requested in plaintiffs' first cause of action, to have the claims remanded to the Secretary with the direction that they be aggregated and heard by an administrative law judge.

With regard to the second cause of action, it now appears that the Secretary is in the process of considering the comments made in respect to the proposed regulations in order to decide what are to be issued as final regulations. A writ of mandamus directing the promulgation of regulations would be inappropriate at this juncture. The second cause of action is dismissed.

SO ORDERED.